# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EDWARD JESUS TORRES,

    Plaintiff,

    v.

FRANK BISIGNANO, Commissioner of Social Security[1]

    Defendant.

_____/

Case No.  1:24-cv-01582-EGC

**ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT**

(Doc. 1)

## I.  INTRODUCTION

Plaintiff Edward Jesus Torres ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application(s) for disability insurance benefits ("DIB") under the Social Security Act (the "Act").  (Doc. 1).  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Erin E. Guy Castillo, United States Magistrate Judge.[2]

## II.  BACKGROUND

Plaintiff was born in 1979.  (Administrative Record ("AR") 274).  He attended Freno City College and obtained a certificate in industrial technology.  (AR 72).  Plaintiff filed an application

---

[1] On May 7, 2025, Frank Bisignano was named Commissioner of the Social Security Administration.  *See* https://www.ssa.gov/history/commissioners.html.  He is therefore substituted as the defendant in this action.  *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 8).

for DIB, alleging he became disabled on May 29, 2021.  (AR 274–77).

## A.    Relevant Evidence of Record[3]

On January 26, 2023, Plaintiff was evaluated by consultative examiner Omar Mahmood, M.D.  (AR 2877–83).  Based on Dr. Mahmood's exam, Dr. Mahmood completed a functional assessment / medical source statement, in which he opined that Plaintiff was limited to standing for "30 minutes continuously" and for "a total of 2 hours in a full 8 hour workday."  (AR 2882).  Dr. Mahmood also opined that Plaintiff's ability to walk would be limited to "30 minutes continuously" and for "a total of 4 hours in a full 8 hour workday."  (*Id.*).

## B.    Administrative Proceedings

The Commissioner denied Plaintiff's application for benefits initially on February 17, 2023, and again on reconsideration on December 21, 2023.  (AR 130–53).  Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 154).  The ALJ conducted a hearing on July 3, 2024.  (AR 65–105).  Plaintiff appeared at the hearing with his attorney and testified as to his alleged disabling conditions and work history.  (AR 72–99).

A Vocational Expert ("VE") also testified at the hearing.  (AR 99–104).  In relevant part, the VE testified that a hypothetical individual with the same age, education level, and past work experience of Plaintiff, who was (1) limited to the sedentary exertional level, (2) "could never climb ladders, ropes or scaffolding," (3) "occasionally climb ramps and stairs, kneel, crouch, crawl, frequent[tly] balance, stoop," (4) "never able to use foot controls or push and pull with the right lower extremity," (5) "required to be allowed to sit for approximately ten minutes every 60 minutes," (6) "limited to no greater than occasional overhead reaching with the right extremity," (7) able "to frequen[tly] . . . handle, finger and feel" with the dominant left upper extremity, and (8) not able to have concentrated exposure to "extreme cold, excessive wetness, humidity or hazards in the workplace" would not be able to perform past work but would be able to work as an order clerk, general clerk, or telephone solicitor.  (AR 100–02).

## C.    The ALJ's Decision

---

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

In a decision dated July 18, 2024, the ALJ found that Plaintiff was not disabled.  (AR 42–64).  The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520.  (AR 47–57).  The ALJ decided that Plaintiff had not engaged in substantial gainful activity since May 29, 2021.  (AR 47).  At step two, the ALJ found Plaintiff's following impairments to be severe: diabetes mellitus, obesity, below-the-knee amputation of the right lower extremity, and left index finger infection status-posttenolysis surgery.  (AR 48).  The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three).  (AR 49–51).

The ALJ assessed Plaintiff's residual functional capacity (RFC)[4] and applied the assessment at steps four and five.  *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").  The ALJ determined that Plaintiff had the following RFC:

> T]to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can never climb ladders, ropes, and scaffolds; can occasionally climb ramps and stairs; can occasionally kneel, crouch, and crawl; can frequently balance and stoop; can never use foot controls with the right lower extremity; can never push of pull with the right lower extremity; must be allowed to sit for ten minutes every 60 minutes; can occasionally reach overhead with the right upper extremity; can frequently finger, handle, and feel with the dominant left upper extremity; and can never have concentrated exposure to extreme cold, excessive wetness, humidity, or hazards defined as working at unprotected heights or around dangerous moving machinery.

(AR 51; *see also id.* 51–57).  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms," the ALJ rejected Plaintiff's subjective testimony as to "the intensity, persistence and limiting effects of these symptoms" as being "not entirely consistent with the medical evidence and other evidence in the record."  (AR 52–53).

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of eight hours a day, for five days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996).  The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments.  *Id.*  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

3

The ALJ then determined that Plaintiff could not perform his past relevant work (step four) but that given his RFC, he could perform a significant number of jobs in the national economy (step five).  (AR 58–59).  In making this determination, the ALJ relied on the VE's answers to a series of hypothetical questions the ALJ posed to the VE during the hearing.  (AR 100–03).  The VE testified that a person with the RFC specified above could perform the jobs of: order clerk, general clerk, or telephone solicitor.  (AR 101–02).  The ALJ ultimately concluded Plaintiff was not disabled at any time after May 29, 2021, the alleged onset date.  (AR 59).

Plaintiff sought review of this decision before the Appeals Council, which denied review on November 12, 2024.  (AR 1–7).  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 404.981.

### III.    LEGAL STANDARD

**A.    Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if [they are] unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act."  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520).  The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments.  If not, the claimant is not disabled.  If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1.  If so, the claimant is automatically presumed disabled.  If

not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy.  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted).  "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).  Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g., Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*,

143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

### IV.    DISCUSSION

Plaintiff asserts several claims of error: the ALJ erred by failing to: (1) properly evaluate the medical opinion of Doctors Mahmood and Van Kirk, and (2) either include work-related limitations consistent with Plaintiff's limitations or offer clear and convincing evidence for rejecting Plaintiff's subjective complaints. (*See* Doc. 11 at 8–14). The Commissioner counters that the ALJ: reasonably evaluated the medical opinions of Doctors Mahmood and Van Kirk under the supportability and consistency factors and formulated an RFC supported by substantial evidence. (Doc. 13 at 10–22). The Court agrees with Plaintiff that the ALJ's RFC is not supported by substantial evidence.[5]

**A.    Legal Standards**

       1.    Evaluation of a Medical Opinion

An ALJ is required to consider all relevant evidence in the record, including all medical opinions, to determine whether a claimant is disabled. 20 C.F.R. § 404.1520c. A medical opinion is a specific category of evidence that is provided by a medical source, such as the claimant's own

---

[5] Because further proceedings will necessitate the re-evaluation of the evidence as a whole, *see infra*, the Court does not reach the issues of the ALJ's evaluation of Doctor Van Kirk's opinion or the ALJ's treatment of Plaintiff's subjective symptoms. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

physician or a government consultant.  20 C.F.R. § 404.1513(a)(2).  The new regulations eliminate the hierarchical treatment of medical opinions whereby more weight was generally given to the opinion of a treating physician than to a physician who did not treat the claimant.  82 Fed. Reg. at 5844.  Under the revised regulations, there is not inherent persuasiveness to evidence from an individual's own medical sources over government consultants, or vice versa.  *Id.*

By definition, a medical opinion contains a statement regarding what the claimant can do despite his limitations, and whether the claimant has one or more impairment-related restrictions in work-related activities.   20 C.F.R. § 404.1513(a)(2).   An ALJ must consider each medical opinion, but need not adopt the opinion's conclusions.  It is the responsibility of the ALJ—not the claimant's physician—to determine the claimant's abilities and limitations for purposes of their residual functional capacity.  *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing 20 C.F.R. § 404.1545).  However, where an ALJ seeks to discredit a medical opinion, he must explain why his own interpretations, rather than those of the doctors, are correct.  *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

2.    Formulation of an RFC in the Absence of a Credited Medical Opinion

An RFC is the most a claimant can do despite their limitations and is based upon all relevant evidence in the record, including medical records, medical source statements, and symptom testimony.  20 C.F.R. § 404.1545(a)(1)–(3); *Shafer v. Barnhart*, 120 F. Appx. 688, 698 (9th Cir. 2005).  A determination of RFC is not a medical opinion, but a legal decision that is expressly reserved for the Commissioner.  20 C.F.R. §§ 414.927(d)(2) (RFC is not a medical opinion), 414.946(c) (identifying the ALJ as responsible for determining RFC).  And that legal determination necessarily involves engaging in credibility determinations, resolving conflicts in medical testimony, and resolving evidentiary ambiguities, *see Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995)—such that an ALJ's RFC determination need not necessarily mirror any particular provider's opinion, *see*, *e.g.*, *Petrini v. Berryhill*, 705 F. App'x. 511, 512 (9th Cir. 2017).

However, an ALJ may not engage in their "own exploration and assessment" of Plaintiff's functional limitations.  *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *see also E. B. v. Kijakazi*, 2022 WL 4595062, at \*9 (S.D. Cal. Sept. 30, 2022) (finding ALJ's RFC determination

was not supported by substantial evidence where ALJ found almost all medical sources who issued a medical opinion "not persuasive" and independently interpreted raw medical data that did "not obviously translate into functional limitations"); *Temple v. Saul*, 2020 WL 13912521, at *7 (C.D. Cal. Oct. 21, 2020) (finding ALJ's RFC determination was not supported by substantial evidence where "no treating or examining physician provided an assessment of [p]laintiff's physical functional capacity" and the treatment records did not provide sufficient indications of functional limitations); *Duarte v. Saul*, 2020 WL 5257597, at *5 (E.D. Cal. Sept. 3, 2020) ("Barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decision.").

**B.      Analysis**

The Court starts with the ALJ's evaluation of Dr. Mahmood's medical opinion—specifically as to Dr. Mahmood's assessment of Plaintiff's standing / walking limitations.  While it is clear, and the parties agree, that the ALJ credited in part and rejected in part Dr. Mahmood's opinions as to Plaintiff's limitations, (AR 55 ("The undersigned finds these opinions partially persuasive."); Doc. 11 at 10, Doc. 13 at 16)); it is not clear, and the parties disagree, as to whether the ALJ credited Dr. Mahmood's opinion as to Plaintiff's standing / walking limitations, (*compare* Doc. 11 at 10, *with* Doc. 13 at 18).  Upon review, the Court finds the ALJ's opinion ambiguous, but that under either reading of the ALJ's opinion, the ALJ's RFC is not supported by substantial evidence.

The Court starts with Plaintiff's read of the ALJ's opinion: that the ALJ (1) rejected Dr. Mahmood's opinion only as to Plaintiff's postural limitations, which did not include Dr. Mahmood's opinion as to Plaintiff's standing / walking limitations, and (2) credited the remainder of Dr. Mahmood's opinion, inclusive of Plaintiff's standing / walking limitations.  (*See* Doc. 11 at 10; Doc. 14 at 2–3).  Under this reading of the ALJ's opinion, the Court finds that the ALJ's assessed RFC is not supported by substantial evidence as the ALJ did not explain why, after crediting Dr. Mahmood's uncontroverted opinion as to Plaintiff's standing / walking limitations, the ALJ adopted a less restrictive limitation in the assessed RFC.  Or put another way, the ALJ errs where, as here, they do not explain why they adopted a lesser functional limitation than that of an uncontroverted credited medical opinion.  *See Glynda H. v. Soc. Sec. Admin.*, No. 2:23-CV-01238-BNW, 2024 WL 3784737,

at *5 (D. Nev. Aug. 12, 2024) ("because the ALJ failed to adequately explain why he found an RFC that differed from medical findings that he said were persuasive, his determinations are not supported by substantial evidence").

The Commissioner advances a different reading of the ALJ's decision as to Plaintiff's standing / walking limitations. According to the Commissioner, the ALJ's rejection of Dr. Mahmood's medical opinion as to Plaintiff's "postural limitations" was inclusive of Dr. Mahmood's opinion as to Plaintiff's standing / walking limitations. (*See* Doc. 13 at 18). However, the Commissioner's reading does not save the ALJ's decision from error. If the Court reads the ALJ's opinion as directly rejecting Dr. Mahmood's medical opinion as to Plaintiff's standing / walking limitations, then the record contains no credited medical opinion upon which the ALJ could have relied in adopting a lesser standing / walking limitation in the assessed RFC—constituting a different error.

Without a credited medical opinion supporting this lesser standing / walking limitation, the assessed RFC is not supported by substantial evidence. *See Betten v. Saul*, No. 2:18-CV-0536-KJD-NJK, 2019 WL 3939028, at *7 (D. Nev. July 9, 2019), *report and recommendation adopted*, No. 2:18-CV-0536-KJD-NJK, 2019 WL 3936389 (D. Nev. Aug. 20, 2019) ("The ALJ's conclusion that Plaintiff can stand or walk for six hours is not supported by substantial evidence. No medical opinion supports that conclusion."); *Cox v. Colvin*, No. ED CV 14-372-E, 2014 WL 6882390, at *5 (C.D. Cal. Dec. 4, 2014) ("Absent expert medical assistance, the ALJ could not competently translate the medical evidence into a residual functional capacity assessment."); *Lee E. v. O'Malley*, No. 23CV770-LR, 2024 WL 4140607, at *6 (S.D. Cal. Sept. 10, 2024) ("Rather than synthesize medical opinions within the record, or cite findings in the record that would support such restrictions, it appears that the ALJ's assessed RFC limitations at issue were derived from the ALJ's 'own exploration and assessment' of Plaintiff's functional limitations." (quoting *McAnally v. Berryhill*, Case No. 3:18-cv-02272-GPC-RNB, 2020 WL 1443734, at *7 (S.D. Cal. Mar. 25, 2020))).

In sum, the Court finds that under either reading of the ALJ's assessment of Dr. Mahmood's medical opinion as to Plaintiff's standing / walking limitations and the ALJ's corresponding assessment of a lesser limitation in the assessed RFC, the RFC is not supported by substantial

evidence constituting legal error.

**C.      Harmlessness Review**

The Court must now consider whether the ALJ's error was harmless.  *Molina*, 674 F.3d at 1115.  Courts look to the record as a whole to determine whether the error alters the outcome of the case.  *Id*.; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).  An error is harmless "where it is inconsequential to the ultimate nondisability determination."  *Molina*, 674 F.3d at 1115 (citations omitted) (first quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998), and then quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)).

The Court cannot conclude that the error is harmless.  While the ALJ assigned some standing / walking limitations, the Court has found that the RFC is not supported by substantial evidence.  Had the ALJ included different limitations in the RFC based upon a proper review of the medical opinion of Dr. Mahmood, the ultimate disability determination may have been different.  *See A. S. v. O'Malley*, No. 1:24-CV-00127-DKG, 2024 WL 4851214, at *5 (D. Idaho Nov. 21, 2024) (finding harmful error where the ALJ relied on her own interpretation of the medical records without any medical opinion of Plaintiff's physical functioning in formulating the RFC).  In particular, because the record "[did] not support the assumptions in the hypothetical[s]" posed to the VE, the hypotheticals were incomplete and therefore, the "vocational expert's opinion [had] no evidentiary value."  *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001).[6]  Thus, the error was not "inconsequential to the ultimate nondisability determination."  *Molina*, 674 F.3d at 1115.

**D.      Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits.  Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled.  *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the Court finds that remand for further proceedings is warranted.  *See*, *e.g.*, *Bunnell v.*

---

[6] This is not to say that the disability determination will or should be different regarding the period at issue--only that the Court cannot determine the outcome would remain the same upon a correct evaluation of the record.

*Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (affirming a remand for further proceedings where the ALJ failed to explain with sufficient specificity the basis for rejecting the claimant's testimony); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (remanding the case "for further findings evaluating the credibility of [the claimant's] subjective complaints"). On remand, the Commissioner shall reevaluate the record in order to assess a RFC supported by substantial evidence.

## V.      CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is therefore VACATED, and the case is REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Edward Jesus Torres and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **May 18, 2026**                      _____

UNITED STATES MAGISTRATE JUDGE

11